IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,402-01




EX PARTE VIRGIL JOEALLEN MARTIN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 9412689-A IN THE 177TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to sixty-five years’ imprisonment. The Fourteenth Court of Appeals affirmed
his conviction. Martin v. State, No. 14-95-00547-CR (Tex. App.—Houston [14th Dist.] 1997, pet.
ref’d).
            Applicant contends that his trial and appellate counsel rendered ineffective assistance. 
Applicant submitted proposed findings of fact. The trial court recommended that we grant relief but
did not sign Applicant’s proposed findings. We believe that the record is not sufficient to resolve
Applicant’s claims. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
another hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact and conclusions of law as to whether the
State was prejudiced by Applicant’s delay in raising these claims. Ex parte Perez, 398 S.W.3d 206
(Tex. Crim. App. 2013). The trial court shall also make any other findings and conclusions that it
deems relevant and appropriate to the disposition of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
Filed: September 18, 2013
Do not publish